IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARIO AKOTHE,                )
    Petitioner,          )
                             )
                             )   No. CIV-17-693-D
v.                           )
                             )
WARDEN BEAR,                 )
                             )
    Respondent.          )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, the undersigned recommends that the Petition be dismissed upon filing as time-barred.

I. Petitioner's Petition

In his Petition filed June 23, 2017, Petitioner asserts a challenge to the validity of his convictions entered in the District Court of Oklahoma County, Oklahoma, Case No. CF-2011-3120. In his first ground for habeas relief, Petitioner asserts that his "conviction is void under U.S. Supreme Court holdings on lack of jurisdiction."

Petition, at 5. As support for the claim, Petitioner states only that the "trial court lacked jurisdiction without a grand jury indictment or waiver." He provides no legal authority or information that would support his claim. Regarding the issue of exhaustion of state remedies, Petitioner states he did not raise this issue in a direct appeal because "none allowed." Id. Petitioner does not indicate why an appeal was not "allowed." Petitioner states that he raised the issue in a post-conviction proceeding, but he provides no information concerning the state courts' disposition of the claim.

In ground two of the Petition, Petitioner asserts that the "state court lacked jurisdiction over Indian crimes by Indians, on Indians, on Indian land, in Indian country." Id. at 6. Petitioner provides no authority or information that would support his claim. Concerning the issue of exhaustion, Petitioner again states, without any supporting information, that the issue was not raised in a direct appeal because an appeal was not "available." Further, although Petitioner states that he raised the issue in a post-conviction proceeding, he provides no information concerning the state courts' disposition of the claim.

In ground three, Petitioner asserts "a mentaly [sic] incompetent, disabled defendant can-not plead guilty without trial to determine competency." Id. at 8. Again, Petitioner's conclusory statement is not supported by any facts or legal

authority. Petitioner again states that he did not raise this issue in a direct appeal because an appeal was not "available," and he states that he raised the claim in a post-conviction proceeding but provides no information concerning the state courts' disposition of the claim.

In ground four, Petitioner asserts the "state fact finding process denied due process and was inadequate to protect this petitioner's federal rights." Id. at 9. The conclusory statement is wholly unsupported by any facts or legal authority. Petitioner again states he did not raise this issue on direct appeal because "none allowed," and he states he raised the claim in a post-conviction proceeding but does not allege any facts concerning the state courts' disposition of the claim.

II. History

Petitioner has attached to the Petition a copy of an order entered June 9, 2017, by the Oklahoma Court of Criminal Appeals ("OCCA") in Mario Jiminez Akothe v. State of Oklahoma, Case No. PC-2017-56 (Okla. Crim. App. 2017). In this Order, the OCCA states that on January 23, 2017, Petitioner filed a "Petition in Error and Appeal Brief-in-Chief" with the Clerk of the OCCA, seeking to appeal a final order entered on December 28, 2016, in the District Court of Oklahoma County, Case No. CF-2011-3120, denying his post-conviction application filed August 3, 2016, in that court.

In its order, the OCCA provides the following description of the history of Petitioner's state court criminal case. The court states that in Case No. CF-2011-3120 Petitioner entered a plea of no contest to two counts of Rape in the First Degree (Counts 1 and 7), three counts of Sexual Abuse of a Child (counts 2, 4, and 6), one count of Abuse of a Child (count 3), and one count of Rape in the Second Degree by Instrumentation (count 5). On May 31, 2013, following a sentencing hearing, Petitioner was sentenced in the district court to 15 years of imprisonment for the conviction in count 5 and 20 years of imprisonment for each of the remaining convictions. The court ordered the sentences in counts 1, 2, and 3 to be served consecutively, and the sentences in counts 4, 5, 6, and 7 to be served concurrently with each other but consecutively to the sentences in counts 1, 2, 3. The court suspended the execution of the sentences in counts 4, 5, 6, and 7.

Petitioner moved to withdraw his pleas, and on June 17, 2013, by agreement of the Petitioner and the prosecution, Petitioner withdrew his no-contest pleas and entered pleas of guilty to each count. In accordance with the parties' plea agreement, the presiding judge sentenced Petitioner to life imprisonment for each count except count 5, and for the conviction in count 5 the judge imposed a sentence of 15 years of imprisonment. All of the sentences were ordered to be served concurrently, and the execution of these sentences was suspended except for the first 25 years.

According to the OCCA, during this second plea proceeding and consistent with his plea agreement Petitioner signed a written waiver of his rights to appeal the convictions and sentences. The waiver, as described by the OCCA, expressly states that Petitioner "voluntarily waives any right s/he may have to appeal from this conviction and any waiver [sic] to seek commutation, parole, or pardon with regard to her/his sentence." Petition, att. 2, at 2. The waiver also states that it "precludes the right to appeal by way of post conviction, direct appeal, habeas corpus or in any other manner." Id. Petitioner did not appeal the convictions and sentences. On August 3, 2016, Petitioner filed a post-conviction application in the district court, attempting to challenge the validity of his convictions and sentences. The district court concluded that his appeal waiver was enforceable as a knowing and voluntary part of his plea agreement.

In its order, the OCCA determined that Petitioner's waiver of his right to appeal the convictions and sentences "waived all appeals, both direct and collateral, and did so without any listed restrictions or exceptions." Id. at 6. Applying the test established in United States v. Rollings, 751 F.3d 1183, 1188 (10th Cir. 2014), to determine whether an appeal waiver is knowing and voluntary, the OCCA held Petitioner had not demonstrated error in the district court's conclusion that his appeal waiver was enforceable as a knowing and voluntary part of an enforceable plea

5

agreement. The OCCA further found that Petitioner had not included any specific allegations in his post-conviction application about his competence at the time of his pleas and appeal waiver and that he had not preserved the competency issue he attempted to assert before the OCCA. The OCCA held:

> As Petitioner's post-conviction claims were within the scope of his appeal waiver, and as he did not show that his appeal waiver was involuntarily or unknowingly made or that its enforcement would result in a miscarriage of justice, Petitioner cannot escape enforcement of the waiver before this Court or before the District Court; and this is so regardless of any apparent merit lying beneath his post-conviction claims, none of which raised issues concerning the waiver's enforceability.

Petition, att. 2, at 11. In light of these findings, the OCCA dismissed Petitioner's attempted post-conviction appeal.

III. Screening Requirement

The Court is required to review habeas petitions promptly and to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, United States Supreme Court Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 also allows the district court to *sua* sponte dismiss a habeas action if its untimeliness is "clear from the face of the petition itself." Kilgore v. Atty Gen. of Colo., 519 F.3d 1084, 1089 (10th Cir. 2008); accord Day v. McDonough, 547 U.S.

198, 209 (2006)("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

IV. <u>Statute of Limitations Bars Review of the Merits of Petitioner's Claims</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitations with respect to the filing of a 28 U.S.C. § 2254 habeas petition by a state prisoner. 28 U.S.C. §2254(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

Petitioner's convictions in Case No. CF-2011-3120 became final on June 27, 2013, ten days after the district court pronounced the judgment and sentence in his second sentencing proceeding. <u>See</u> Okla. Stat. tit. 22, § 1051; Rule 4.2, <u>Rules of the Oklahoma Court of Criminal Appeals</u>, Okla. Stat. tit. 22, ch. 18, App. The one-year limitation period prescribed in 28 U.S.C. § 2244(d)(1)(A) began to run the following day, on June 28, 2013, and expired one year later, on June 28, 2014, unless the limitation period is subject to statutory or equitable tolling.

Petitioner filed his post-conviction application in the state district court on August 3, 2016, almost two years after the applicable one-year limitation period expired. Consequently, Petitioner's post-conviction application did not toll the limitation period under 28 U.S.C. § 2244(d)(2). See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Petitioner filed his habeas action in this Court on June 23, 2017. The habeas action is not timely filed within the one-year limitation period prescribed for his convictions in Case No. CF-2011-3120 unless equitable tolling applies to extend the limitation period.

A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Holland v. Florida, 560 U.S. 631, 649 (2010)(quoting Pace v. DiGugliemo, 544 U.S. 408, 418 (2005)).

Petitioner has asserted in the Petition only a conclusory allegation that he was not competent at the time he entered his guilty plea in the second plea proceeding. In response to the form Petition's directive to explain why the one-year statute of limitations does not bar review of the merits of his untimely claims, Petitioner states, "I'm told time is tolled when prisons are on lock-down, or impeading [sic] my access to courts, or because of my disabilities, or mental incompetency, or do not apply to

jurisdictional claims. State impeadiments [sic] removed in 2016, allowing a post-conviction." Petition, at 13. This vague and conclusory statement does not allege facts sufficient to demonstrate that mental incompetency or some other extraordinary circumstance prevented Petitioner from timely filing his federal habeas petition. Petitioner has also failed to demonstrate that he diligently pursued his federal claims. Therefore, Petitioner's habeas action was not timely filed.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as untimely filed. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by October 2nd          , 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues

referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  12th  day of  September , 2017.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE