IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARIO AKOTHE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-693-D |
| | ) | |
| WARDEN BEAR, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Supplemental Report and Recommendation [Doc. No. 12] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Judge Purcell finds that the Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1), and recommends that it be dismissed. Petitioner, who appears *pro se*, has filed a timely Objection [Doc. No. 13]. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner seeks to challenge convictions and sentences imposed by the District Court of Oklahoma County, Oklahoma, on June 17, 2013, upon his plea of guilty to seven offenses. Petitioner did not appeal, but on August 3, 2016, he sought post-conviction relief from the sentencing court. His application was denied based on a waiver of rights contained in his plea agreement, and the waiver was enforced on appeal. Petitioner filed

the instant Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. No. 1] on June 23, 2017, asserting claims that the trial court lacked jurisdiction (because there was no grand jury indictment or waiver and because state courts lack jurisdiction "over Indian crimes by Indians, on Indians, on Indian land, in Indian country"), that a mentally incompetent defendant cannot plead guilty, and that he was denied due process. Judge Purcell finds that the one-year limitation period of § 2244(d)(1) expired on June 28, 2014, and that Petitioner alleges no basis for statutory or equitable tolling. Judge Purcell therefore concludes that the Petition should be dismissed upon filing as time barred.

Liberally construing the arguments in Petitioner's Objection, the Court finds that Petitioner challenges Judge Purcell's findings that all claims are governed by the time limit of § 2244(d)(1)(A) and there is no basis for equitable tolling.[1]

First, Petitioner arguably asserts that the one-year time limit did not begin to run when his convictions became final because other provisions of § 2244(d)(1) apply. He contends his jurisdictional claims "could not be raised" earlier because they are based on case law that "did not exist," and he cites Supreme Court and Tenth Circuit decisions from 2016 and 2017. *See* Obj. [Doc. No. 13] at 1. Under Subsection 2244(d)(1)(C), the one-year time limit runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." None of Petitioner's claims are based on a newly-recognized constitutional right. Petitioner also

---

[1] Petitioner primarily argues the merits of his claims, but the basis of Judge Purcell's recommendation for dismissal (and thus the Court's decision) is limited solely to timeliness.

makes a conclusory argument that "state impediments to access to file a 2254 exist[ed]." *See* Obj. [Doc. No. 13] at 3. He states that "the state prison legal system refuses to provide any legal assistance to prisoners with disabilities like this Petitioner has." *Id*. Under subsection 2244(d)(1)(B), the limitation period runs from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Plaintiff makes no factual allegations that would satisfy this provision. Therefore, the Court finds that Petitioner has not shown that the limitation period of either (d)(1)(B) or (d)(1)(C) applies.

Second, Petitioner arguably asserts that he is entitled to equitable tolling because, during some time period, he "was on lock down in a private prison and unable to access any form of legal assistance until 2016." Obj. [Doc. No. 13] at 1. Petitioner also refers to unspecified "mental disabilities and physical handicaps." *Id*. Petitioner does not explain how the prison lock down, a lack of legal assistance, or any disability prevented him from filing a habeas petition from 2014 until 2017. He apparently was able to file a post-conviction application in state court in August 2016, and appeal its dismissal in January 2017; he did not file his federal Petition until June 2017. Petitioner alleges no facts to show "that he has been pursuing his rights diligently" or "that some extraordinary circumstance stood in his way." *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Therefore, the Court finds that Petitioner has failed to allege sufficient facts to support equitable tolling of the limitation period.

3

For these reasons, upon *de novo* consideration of the issues presented by Petitioner's Objection, the Court fully concurs in Judge Purcell's finding that the Petition is time barred.

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation [Doc. No. 12] is ADOPTED in its entirety. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DISMISSED with prejudice as untimely. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this 10th day of October, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE